Morrison v. The State.

REVERSED AND DISMISSED.

13 527
14 70

LEWIS MORRISON, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. Criminal Law: EVIDENCE. Where the evidence fails to connect the accused with the commission of the crime a verdict of guilty cannot be sustained. Mere suspicion, however strong, will not authorize a jury to return a verdict of guilty.

2. ———: SENTENCING PRISONER. The supreme court will not review a sentence passed in conformity to law by the district court, although it may seem excessive, unless there is a clear abuse of discretion.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*A. H. Bowen*, for plaintiff in error.

*The Attorney General*, for defendant in error.

MAXWELL, J.

The plaintiff in error was found guilty of horse stealing, at the May, 1882, term of the district court of Adams

county, and sentenced to imprisonment in the penitentiary for ten years.

The principal error relied upon in this court is, that the verdict is not sustained by the evidence. The attorney general states frankly to the court that the proof fails to show that Morrison committed the theft or aided in committing the same, and that at the most it merely raises a strong suspicion of guilt. This being so, the attorney for the state has properly brought this fact to the attention of the court. To protect the innocent is one of the chief ends of government, and there can be no greater wrong committed against a person than to convict him of a crime of which he is not guilty. And unless the evidence reaches that degree of certainty as to exclude reasonable doubt, it is not sufficient to convict. The word evidence, in legal acceptation, includes all the means by which any alleged matter of fact, the truth of which is submitted for investigation, is established or disproved. Matters of fact are proved by moral evidence alone, by which is meant not only that kind of evidence which is employed on subjects connected with moral conduct, but all the evidence which is not obtained either from intuition or demonstration. 1 Greenleaf Ev., sec. 1.

In *Horbach v. Miller*, 4 Neb., 44, Judge GANTT, in speaking of circumstantial evidence, says: "This presumption, however, must rest upon facts proved, for, when the main fact in respect of the subject matter in controversy cannot be proved by direct testimony, such fact is arrived at by the proof of other facts so associated with the fact in question that in the relation of cause and effect lead to a satisfactory and certain conclusion. Therefore presumptive evidence consists in the proof of minor or other facts incidental to or usually connected with the fact sought to be proved, which, when taken together, inferentially establish or prove the fact in question to a reasonable degree of certainty."

This, in our view, is a correct definition of this kind of evidence. It is an inference to be drawn from facts proved. These facts must not only be consistent with the prisoner's guilt but be inconsistent with any other rational conclusion. 1 Greenleaf Ev., sec. 34. If no facts are proved tending to show the guilt of a person accused of crime the jury must acquit, no matter how strong their grounds of suspicion may be.

*Second.* The sentence seems excessive. The law fixes the minimum of punishment in such cases at three years imprisonment. A discretion is given to the judge to increase the term of imprisonment in cases where it seems proper to do so. This discretion to a great extent rests with the trial court; but experience has demonstrated that it is the certainty and not the severity of punishment that deters from crime, but unless there is gross abuse of discretion this court will not interfere. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.